[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR TEMPORARY INJUNCTION
The plaintiff, People's Rights in a Clean Environment, Inc., (Price) is an environmental group composed of residents and taxpayers living near a landfill in Canterbury owned and operated by the defendant, Yaworski, Inc. Several of these residents have joined this action as individual plaintiffs. Also named or cited in as defendants are several individual Yaworskis and other named defendants. Since no evidence was presented that was sufficient to implicate any of the defendants, other than Yaworski, Inc., this decision applies only to Yaworski, Inc.
The Commissioner of Environmental Protection (Commissioner) was initially named as a defendant in this case. but the complaint against him was subsequently withdrawn.
The court referred the matter to a Special Master to evaluate the proper closure of the landfill. He filed a report on November 3, 1997, and an evidentiary hearing was held in December 1997.
The plaintiffs have alleged a violation of several of the Environmental Protection Statutes (§ 22a-1 et seq.). They rely on General Statutes §§ 22a-16 and 22a-18 as authority for them to bring this action and for this court to order injunctive relief against unreasonable pollution of the air, water and CT Page 2035 natural resources existing in the state.
Upon a prima facie showing of such unreasonable pollution by the defendants, the defendant has the burden to show that such pollution was reasonable. Manchester Environmental Coalition v.Stockton, 184 Conn. 51, 55-58 (1981).
In this case, the plaintiffs and the defendants presented evidence on this issue.
The plaintiffs are seeking relief from their claims of water, soil and air pollution arising from the landfill which is not operating at the present time but continues to despoil the environment in proximity to the landfill. Damages, both punitive and compensatory, are also claimed, but are not the subject of their claim for a temporary injunction.
Two of the area residents, Janet Leitch and Jenny Hatt, testified as to their observations of leachate from the landfill running into the nearby Quinebaug River as well as the constant sickening odors emanating from the landfill. These odors permeate into their homes creating unbearable living conditions including illness, as well as substantially destroying the values of their property.
The conditions prevailing in the area were confirmed by expert witnesses (on both sides), as well as the Special Master.
The focus of the hearing was primarily on the different opinions of the opposing parties as to how to correct the situation and properly close the landfill.
The court is satisfied that the plaintiffs have established their burden of proof as to pollution, and the defendants have failed to show that the pollution was reasonable.
In addition. General Statutes § 52-471 requires proof by the party seeking injunctive relief to establish: (1) that the plaintiffs have no adequate legal remedy; (2) that the plaintiffs would suffer irreparable injury absent a temporary injunction: (3) the plaintiffs are likely to prevail on the merits; and, (4) the balance of equities favors the plaintiffs. Waterbury TeachersAssociation v. FOIC, 230 Conn. 441. 446 (1994).
Both sides have submitted proposed orders to the court and CT Page 2036 the court has refined these proposals into an order that it considers fair and equitable to both sides.
The court finds that the conditions prevailing at the landfill have existed for over five years, imperiling the health and living conditions of the families nearby. The statutory conditions are satisfied. The court also find that, indeed, the circumstances are compelling. See Monroe v. MiddleburyConservation Comm'n, 187 Conn. 476, 480 (1902).
Therefore, the following order may issue.
ORDER FOR TEMPORARY INJUNCTION
WHEREAS, plaintiff People's Rights in a Clean Environment. Inc. ("PRICE") is a non-profit corporation organized under the laws of the State of Connecticut, and each individual plaintiff, Jennie Hatt, William Avery, Janice Leitch, Robert Leitch, William LaPut, Ryan LaPut, Peter Dietz, Lori Dietz, Rochard Moffett and Sharlene Stamper, is either a resident or taxpayer of the Town of Canterbury, Connecticut (collectively "plaintiffs");
WHEREAS, by way of Summons and Complaint dated September 23, 1994, the plaintiffs commenced this action against the Commissioner of Environmental Protection ("Commissioner") seeking various orders to compel the Commissioner to take enforcement action against the owners operation and/or operators of certain solid waste management facilities located in the Town of Canterbury;
WHEREAS, by way of Summons and Fourth Revised Complaint dated June 12, 1996, the plaintiffs cited into the action defendants Yaworski, Inc., James Yaworski, Sr., Rose Yaworski, James Yaworski, Jr. and Denis Yaworski, as the alleged owners and/or operators of the above-referenced solid waste management facilities;
WHEREAS, on or about October 25, 1996, the Complaint was withdrawn by the plaintiffs as against the Commissioner;
WHEREAS, by way of Summons and Seventh Revised Complaint[1]
dated February 7, 1997, the plaintiffs cited into the action defendants Yaworski, Inc., Packer Limited, LLC, Quinebaug Valley Regional Resources, LLC, Haul of Fame, Inc., Canterbury Environmental Management, LLC, Packer Mining, LLC and Aspinook, CT Page 2037 LLC;
WHEREAS, in connection with plaintiffs motion for temporary injunctive relief, on or about April 14, 1997 the court referred the matter to a Special Master to evaluate the proper closure of the Yaworski Landfill (the "Landfill"), which is located on Packer Road, Canterbury, Connecticut. The Report of the Special Master was delivered to the parties on or about November 3, 1997, and a hearing on the Report was held on December 9, 16, 17, 18 and 23, 1997;
WHEREAS, the Court having heard all the evidence in the hearing on plaintiffs' motion for temporary injunctive relief and considered the evidence and the arguments of the parties;
NOW THEREFORE, a temporary injunction is entered againstYaworski, Inc., requiring the following:
1. Within two (2) days of receipt of notice of entry of this Partial Judgment, Yaworski, Inc., shall assess the groundwater elevation within the Landfill footprint by measuring the depth to water in the eight gas collection wells currently installed in the Landfill. Within seven (7) days of completion of the groundwater evaluation assessment. Yaworski, Inc. shall provide to the plaintiffs and Commissioner a report of said assessment, which shall be used in the design of the proposed gas collection system discussed in paragraph 9, below.
2. Within two (2) days of receipt of notice of entry of this Partial Judgment, Yaworski, Inc. shall submit to the plaintiffs and the Commissioner a plan pursuant to Regulations of Connecticut State Agencies ("R.C.S.A.") § 22a-209-7(u), to disrupt waste for the purpose of attempting to rehabilitate the existing gas collection wells. Within twelve (12) days of receipt of the Commissioner's written approval of this plan, Yaworski, Inc., shall rehabilitate those existing gas collection wells that are capable of being rehabilitated. Within five (5) days of completion of any rehabilitation, Yaworski, Inc. shall submit to the plaintiffs and the Commissioner a plan pursuant to R.C.S.A. § 22a-209-7 (u), to replace those wells that are incapable of being rehabilitated. Within seventy (70) days of receipt of the Commissioner's written approval of this plan. Yaworski, Inc., shall replace those wells that are incapable of being rehabilitated, and shall deliver to the plaintiffs and the Commissioner as-built plans for the surviving wells and the CT Page 2038 replacement wells.
3. Within fourteen (14) days of receipt of notice of entry of this Partial Judgment, Yaworski, Inc., shall design and submit to the plaintiffs and the Commissioner a plan to manage identified leachate seeps on the side slopes of the Landfill. Upon receipt of the Commissioner's written approval of the plan, Yaworski, Inc., will immediately implement the plan.
4. Within thirty (30) days of entry of this Partial Judgment, defendants shall design and submit to the plaintiffs and the Commissioner a plan for a temporary system to collect leachate that is discharging to the unnamed Class A stream south/southeast of the Landfill and the wetlands south/southwest of the Landfill. Within thirty (30) days of the Commissioner's approval of the temporary leachate collection system, the defendants shall install and implement the system.
The order is this paragraph 4, may be vacated if the Commissioner deems such order to be unnecessary or impractical.
5. Within forty-five (45) days of receipt of notice of entry of this Partial Judgment, Yaworski, Inc. will, if necessary, based on discussions with the Connecticut DEP, revise the closure plan prepared by Anchor Engineering Services, Inc., dated May 1997 (the "Closure Plan") and submit same to the plaintiffs and the Commissioner.
6. Within fifteen (15) days of entry of this Partial Judgment, defendants shall submit to the plaintiffs and the Commissioner a plan to evaluate the adequacy of soil cover on all previously covered areas of the Landfill in accordance with Regulations of Connecticut State Agencies ("R.C.S.A.") § 22a-209-7(1)(4) (1990 version). Upon approval by the Commissioner, the defendants will immediately implement the plan.
The order in this paragraph 6, may be vacated if the Commissioner deems such order to be unnecessary or impractical.
7. On or before May 31, 1998, Yaworski, Inc., shall restore all areas of stressed, dead or missing vegetation on all previously covered areas of the Landfill. If approval by the Commissioner is necessary, Yaworski, Inc., shall obtain such approval.
8. Within fifteen (15) days of receipt of notice of entry of CT Page 2039 this Partial Judgment, Yaworski, Inc., shall revise the Health and Safety Plan for Landfill Disruption to address site specific monitoring, action levels and response plans, and submit same to the plaintiffs and the Commissioner.
9. Within forty-five (45) days of receipt of notice of entry of this Partial Judgment, Yaworski, Inc., shall, if required by the Connecticut DEP, revise the Application for Permits to Construct and Operate a Landfill Gas Collection and Flare System prepared by Anchor Engineering Services, Inc., dated October 9, 1997 (the "Application"), and submit same to the plaintiffs and the Commissioner.
10. Within ninety (90) days of submittal of the revised application, Yaworski, Inc., shall have taken all necessary steps to obtain a permit to construct and operate that system (the "Air Permit") from the Commissioner.
11. Within ninety (90) days of receiving the Air Permit, Yaworski, Inc., shall install the gas collection wells and, if necessary, any additional flare capacity.
12. Within seven (7) days of installing the gas collection wells under the Air Permit, Yaworski Inc., shall put the wells on line.
13. Subject to receipt of prior written approval by the Commissioner of the Closure plan, within ninety (90) days of installing the gas collection wells under the Air Permit, Yaworski, Inc., shall complete the closure of the Landfill in accordance with the Closure Plan.
14. In addition to those orders articulated herein, Yaworski, Inc., shall comply with any
15. Any document or notice required to be submitted to the plaintiffs under this Partial Judgment shall be deemed submitted on the date received and, unless otherwise specified by the plaintiff in writing, be directed to:
 Keith R. Ainsworth, Esq. Evans, Feldman Boyer, P.C. 261 Bradley Street P.O. Box 1694 New Haven, CT 06507-1694 CT Page 2040
 Any document or notice required to be submitted to the Commissioner under this Partial Judgment shall be deemed submitted on the date received and, unless otherwise specified by the Commissioner in writing be directed to:
 Robert C. Isner Waste Engineering and Enforcement Division Bureau of Waste Management Department of Environmental Protection 79 Elm Street Hartford, CT 06106
 Any document or notice required to be submitted to Yaworski, Inc., under this Partial Judgment shall be deemed submitted on the date received and, unless otherwise specified by the defendant in writing be directed to:
 Denis Yaworski Yaworski, Inc. 133 Packer Road Canterbury, CT 06331
 D. Scott Atkin Anchor Engineering Services, Inc. 75 Nutmeg Lane Glastonbury, CT 06033
 David J. Monz, Esq. Updike, Kelly Spellacy, P.C. One State Street P.O. Box 231277 Hartford, CT 06123-1277
16. If the plaintiffs believe that any submission made by Yaworski, Inc., pursuant to this Partial Judgment is deficient in any respect, and the plaintiffs, defendants, and the Commissioner, are unable to resolve the matter to their mutual satisfaction within seven (7) days of receipt of written notification by Yaworski, Inc., of the deficiency, then the dispute shall be promptly submitted to the Court. The plaintiffs and the defendants shall proceed in accordance with the Court's determination. Nothing in this Partial Judgment shall affect the Commissioner's authority or discretion under applicable law.
17. Subject to the provisions of paragraph 18, below, if CT Page 2041 Yaworski, Inc., fails to meet any deadline in this Partial Judgment, the plaintiffs may seek contempt sanctions from the Court.
18. If any event occurs which causes or may cause a delay in compliance with any provision of this Partial Judgment. Yaworski, Inc., shall notify the plaintiffs and the Commissioner, in writing, pursuant to Paragraph 15 within five (5) days of the delay or the defendant's knowledge of the anticipated delay, whichever is earlier. The notice shall describe in detail the anticipated length of the delay, the precise cause or causes of the delay, the measures taken and to be taken by the defendant to prevent or minimize the delay, and the timetable by which those measures will be implemented. Yaworski, Inc., shall adopt all reasonable measures to avoid or minimize any such delay. If the parties agree that the delay or anticipated delay in compliance with this Partial Judgment has been or will be caused by circumstances entirely beyond the control of the defendant, the time for performance hereunder shall be extended for a period no longer than the delay resulting from such circumstances. In such event, the parties shall stipulate to the extension of time. The plaintiffs may grant an additional extension of time. Yaworski, Inc., shall not be liable for penalties under paragraph 17 above for the period of excusable delay. In the event that the parties cannot agree that a delay in achieving compliance with the requirements of this Partial Judgment has been or will be caused by circumstances beyond the control of Yaworski, Inc., the dispute shall be resolved in accordance with the provisions of paragraph 16 above. An extension of one compliance date based upon a particular event shall result in an extension of a subsequent compliance date or dates where defendant documents to the satisfaction of plaintiffs that such compliance date or dates would necessarily be delayed by the excusable delay.
19. This Partial Judgment fully resolves all requests for preliminary injunctive relief deriving from the allegations pleaded in the Seventh Revised Complaint[2], Docket No. CV-94-542469-S, dated January 4, 1997.
CONSOLIDATION ORDER
A Motion to Consolidate an action #CV-97-0573385 by the Commissioner (now Sidney J. Holbrook) against Yaworski, Inc., et al, with this action. The court denied that motion because it would have delayed the hearing in this case. Since this hearing CT Page 2042 is now concluded, this denial is vacated and the motion to consolidate is granted.
Freed, J.